John J. GUY, Trustee in Bankruptcy of
D. Don Lowers, a Bankrupt, Plaintiff,

v.

Edward J. ABDULLA et al., Defendants.

Civ. A. No. C 72–360.

United States District Court,
N. D. Ohio, E. D.

Feb. 16, 1973.

See also D.C., 58 F.R.D. 1.

Richard E. Guster, Roetzel & Andress, Akron, Ohio, for plaintiff.

Bernard I. Rosen, Akron, Ohio, Peter A. Neisser, Phoenix, Ariz., William R. McClenathen, Robert F. Linton, Akron, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge:

Several of the defendants in this action, namely, Caudill Robinson, Roger Wagner, William Vincent, Robert Jones and Paul Gradyan, have filed objections to this Court's orders of November 14 and 27, 1972. These orders directed that this cause proceed as a class action and continued the designation of liaison counsel. The above-named defendants have moved the Court to reconsider and vacate these orders. For the reasons stated below, these motions will be denied.

The defendants' motion to reconsider the decision to proceed as a class action merits no further discussion. The objections to this procedure have already been considered by the Court, as should be readily apparent from the opinion filed in this case on November 14, 1972. Circumstances may justify a redefinition of the class or of the common issues at a later date, pursuant to Rule 23(c)(1). However, no valid reason for redefinition appears at this time and thus defendants' motions for reconsideration of the class action are denied.

Defendants' objections to the liaison counsel evidence a marked lack of understanding of the function these counsel serve. They are not, as defendants' motions suggest, intended to serve

as a substitute for the counsel retained by each individual defendant. *See generally,* Manual for Complex and Multi-district Litigation, § 1.90. Each defendant's chosen attorney may continue to advise his client, and may continue to file motions and/or objections on his behalf. These attorneys may also be present at all hearings, and at the trial of the issues common to the class should one eventually prove necessary. Finally, the private counsel will participate alone in any hearing required for the adjudication of his client's personal defenses, as discussed in this Court's opinion of November 14.

It is evident, therefore, that the function of the liaison counsel is merely to act as a coordinator of the individual defense counsel. Common defenses should be worked out in common among the defendants, and presented to the Court by the liaison. In the unlikely event that a particular attorney feels that the common presentation will be inadequate for his client, he may move that the Court hear him individually. The Court would certainly be receptive to such a motion upon a showing of particularized need. It is expected that frivolous motions in this regard will not be made, but if they are, the Court will deal with them appropriately at that time. In addition, individual objections, such as the ones now under consideration, may be filed with the Court at any time and will be dealt with in due course.

It is hoped that the counsel for the various defendants will cooperate in preparing common defenses to assist the Court in expediting this most unusual plenary action. The appointment of liaison counsel was made solely for this purpose, and should not in any way hinder any individual defendant from choosing his own attorney and preparing his own defense.

Therefore, the objections taken by defendants Caudill Robinson, Roger Wagner, William Vincent, Robert Jones and Paul Gradyan to this Court's orders of November 14 and 27, 1972, are overruled, and their motions in this regard are hereby denied.

It is so ordered.